UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LOGUN BOLTON,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:22-CV-385-TLS-JPK |
| | ) |
| SOLV ENERGY LLC,<br>　　　　Defendant. | )<br>)<br>) |

## **OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). The complaint does not directly allege jurisdiction, but does discuss the parties' citizenship, and the Court infers that Plaintiff seeks to establish diversity jurisdiction.[1] For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a).

The complaint seeks damages in "an amount sufficient to adequately compensate" Plaintiff for injury, pain, suffering, and related medical expenses. [DE 1 at 7]. However, Plaintiff makes no direct allegation as to the amount in controversy. Noting the severity of the injuries alleged, the Court emphasizes that Plaintiff does not need a detailed calculation, but merely needs to make an "allegation . . . in good faith," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014), which will generally be accepted unless challenged by the defendant or "it appear[s] to

---

[1] Although not clearly labeled, the individual counts within the complaint appear to be state law negligence claims, which would not give rise to federal question jurisdiction. *See* [DE 1 ¶¶ 38-57].

a legal certainty that the claim is really for less than the jurisdictional amount." *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (citations omitted).

Further, it does not appear that Plaintiff has properly alleged the citizenship of Defendant SOLV Energy LLC. Plaintiff alleges that SOLV Energy LLC is "a Delaware for-profit corporation registered in Indiana, with a principal place of business in San Diego County, California, and was at all times relevant herein doing business in Indiana." [DE 1 ¶ 2]. While this would be a sufficient allegation for a corporation, a limited liability company takes the citizenship of its members. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC,* 350 F.3d 691, 692 (7th Cir. 2003). Because the entity has "LLC" in the name, it appears that SOLV Energy is a limited liability company rather than a corporation. If so, the name and citizenship of each member must be identified to determine diversity jurisdiction. If the members are themselves limited liability companies or other unincorporated entities, the citizenship of those members must be identified. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint . . . and, if those members have members, the citizenship of those members as well."). If SOLV Energy is in fact a corporation rather than an LLC, Plaintiff should clarify that allegation.

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **January 19, 2023**, a supplemental jurisdictional statement that properly alleges the defendant's citizenship and the amount in controversy, as described above.

So ORDERED this 29th day of December, 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
